# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARVIN STEWARD,

    Plaintiff,                                 Case No.

v.                                                  Hon.

TOUCHPOINT SUPPORT SERVICES, LLC

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Marvin Steward, by and through his attorneys Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant, states as follows:

1. Plaintiff, Marvin Steward, is a resident of the City of Lyon Township, County of Oakland and State of Michigan.

2. Defendant, TouchPoint Support Services, LLC (hereinafter "TouchPoint"), is a foreign limited liability company whose registered agent is CSC-Lawyers Incorporating Service at 2900 West Road, Ste. 500, East Lansing, Michigan 48823.

3. This Court has diversity jurisdiction over Plaintiff's claims arising under federal law pursuant to 28 U.S.C. § 1331.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue are otherwise proper in this Court.

5. This Court has pendant jurisdiction over Plaintiff's state law claims 28 U.S.C. § 1367.

6. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination and harassment, because of Plaintiff's age in violation of the Age Discrimination in Employment Act of 1967 (ADEA), and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2201 (ELCRA), *et seq*. and Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, *et seq*. (ADA), and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA), which have resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. At the time he was hired, Plaintiff was a 68-year-old man who suffers from ADHD, bipolar disorder, and depression, all disabilities under the ADA and PWDCRA, that substantially interfered with his ability to think, communicate and engage with people.

9. Plaintiff was prescribed medications for all of his disabilities.

10. In or around March 2019, Plaintiff began full-time work for Defendant after several months as a temporary worker.

11. Defendant, TouchPoint contracted Plaintiff to Ascension Providence Park Hospital in Novi, Michigan.

12. On or about February 9, 2021, Defendant, TouchPoint's manager Tim Johnson, told Plaintiff that he was getting "kind of old, you're getting slow."

13. In or around February 2021, Plaintiff requested the reasonable accommodation of being moved off of the main floor and on to a lower floor, which was a lower stress position that would have accommodated his disabilities.

14. In or around February 2021, Defendant informed Plaintiff that Defendant would not accommodate him for his disability by changing his position.

15. Defendant had open positions on the lower floor, but Defendant refused to accommodate him or engage in the interactive process.

16. On or about March 5, 2021, Plaintiff was terminated due to his age and disability.

17. Plaintiff filed a Charge of Discrimination on July 28, 2021, and received a Right to Sue letter on February 28, 2022.

## **COUNT I**
## **AGE DISCRIMINATION**

18. Plaintiff incorporates by reference paragraphs 1 through 17 of the Complaint as though fully set forth herein.

19. Pursuant to the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621, Plaintiff is guaranteed the right to be free from discrimination from his employer and/or supervisors based upon his age.

20. Plaintiff's age was a factor in Defendant's employment decisions, including adverse employment actions.

21. Defendant is Plaintiff's employer within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 621.

22. During the course of his employment with Defendant, Plaintiff was subjected to unwelcome age discrimination including a hostile work environment and adverse employment actions based upon his age.

23. The age discrimination and adverse employment actions by Defendant were intentional and willful, and had the purpose and/or effect of substantially interfering with Plaintiff's employment.

24. The age discrimination and conduct by Defendant violate the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*. and the Age Discrimination Act of 1967 ("ADEA"), 29 U.S.C. § 623.

25. As a proximate result of the age discrimination and conduct by Defendant, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant, in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

### COUNT II
### VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT AND THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

26. Plaintiff incorporates by reference paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. At all times relevant Plaintiff suffered from a serious heart condition, ADHD, bipolar disorder, and depression, disabilities under the ADA and PWDCRA, which Defendants perceived or regarded as a disability and which substantially interfere with major life activities.

28. Pursuant to the Americans with Disabilities Act of 1990, *et seq.* (ADA), and the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA), Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disabilities.

29. Defendant is an employer within the meaning of the ADA and the PWDCRA.

30. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disabilities, his perceived or regarded disabilities, and his request for accommodations, by Defendant, its employees and agents to the point where his status as an employee has been detrimentally affected, creating an offensive and hostile work environment.

31. Plaintiff's disabilities were a factor in Defendant's employment decisions, including Defendant's denial of Plaintiff's reasonable accommodation request and Plaintiff's termination.

32. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA and the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

33. Defendant and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a) Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disabilities;

   b) Taking adverse employment actions against Plaintiff;

   c) Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

   d) Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

   e) Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

34. As a direct and proximate result of the actions of Defendant, Plaintiff was the subject of discriminatory conduct on the part of Defendant, and its agents and employees.

35. Because of the unlawful conduct of Defendant, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety,

emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

          Respectfully submitted,

          **BATEY LAW FIRM, P.L.L.C.**

    By: /s/Scott P. Batey
        SCOTT P. BATEY (P54711)
        Attorney for Plaintiff
        30200 Telegraph Road, Suite 400
        Bingham Farms, MI 48025
        (248) 540-6800-telephone
        (248) 540-6814-fax
        sbatey@bateylaw.com

Dated: May 23, 2022

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Marvin Steward, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                                    Respectfully submitted,

                                    **BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: May 23, 2022